# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HARRY GARDNER AND MEREDITH GARDNER,**

          **Plaintiffs,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:14-cv-508-Orl-18DAB**

**FORD MOTOR COMPANY,**

          **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **OBJECTIONS TO BILL OF COSTS (MOTION TO REVIEW COSTS) (Doc. No. 132)**
>
> **FILED:** October 15, 2015
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

On August 20, 2015, the Court entered judgment in favor of Defendant Ford Motor Company ("Ford") (Doc. 124). On September 2, 2015, Ford filed a "Memorandum in Support of Bill of Costs" (Doc. 126), which included an undated Bill of Costs as an exhibit (Doc. 126-1). Plaintiffs opposed the "memorandum" (Doc. 128) and, on September 30, 2015, the undersigned denied it, noting:

> Rule 54(d) does not contemplate the filing of a memorandum to seek costs. Rather, the Rule provides that the "clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action." Fed. R. Civ. P. 54(d) (2015). The memorandum, to the extent it seeks relief, is denied, without prejudice to the filing of the Bill of Costs for review by the Clerk in the usual course. To the extent Plaintiffs object to the taxation of the claimed costs, Plaintiffs may seek review following the filing of the Bill, as contemplated in the Rule.

(Doc. 129).

Ford promptly filed its Bill of Costs on October 2, 2015 (Doc. 130). Plaintiffs filed the instant motion on October 15, 2015. No response has been filed by Ford, although Ford has already addressed some of the matters raised in its initial memorandum, and the Court considers same.

*Analysis*

Rule 54, Fed. R. Civ. P., allows certain costs to be taxed in favor of the prevailing party. Here, there is no dispute that Ford, having secured judgment in its favor, is the prevailing party entitled to an award of taxable costs. Plaintiffs object to awarding Ford its costs, arguing that the instant Bill is untimely under Local Rule 4.18(a), which requires filing within 14 days of the date of judgment. Further, Plaintiffs claim the Bill is defective as it is undated. On the merits, Plaintiffs claim the costs are "unreasonable." Having reviewed the papers and the applicable law, the undersigned finds no merit to the procedural objections, but agrees that the Bill includes some costs which are not appropriately supported.

A. Timeliness

As set forth above, the original "Bill" was filed as an attachment to a "memorandum" filed within fourteen days of entry of the Final Judgment. The undersigned denied the memorandum, to the extent it sought relief, but allowed for the Bill to be re-filed, consistent with the procedure set forth in Rule 54. Ford did so, less than two days later. Under these circumstances, it cannot be said that Ford's efforts to secure costs were untimely. This objection should be **overruled.**

B. The Undated Bill

Plaintiffs contend, correctly, that the Bill is not dated (Doc. 130). Citing to Title 28 U.S.C. §§1924 and 1746, Plaintiffs argue that this is a fatal flaw justifying denial of the Bill in its entirety.

Section 1924 provides:

Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney

> or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.

28 U.S.C.§ 1924. The statute says nothing with respect to requiring that the Bill be dated. The instant Bill was electronically signed by Ford's counsel and tracks the language of the statute. As such, it is in compliance with Section 1924.

As for Section 1746:

> Under 28 U.S.C.§ 1746, a declaration must be dated to be admissible. Substantial compliance with the statute, however, is sufficient for admissibility. 28 U.S.C.§ 1746; *accord Kersting v. United States*, 865 F.Supp. 669, 676 (D.Haw.1994); *E.E.O.C. v. World's Finest Chocolate, Inc.*, 701 F.Supp. 637, 639 (N.D.Ill.1988). For a declaration to be admissible, a party need only show "the [execution] date or approximate date (depending on the situation)." *World's Finest*, 701 F.Supp. at 639.

*Pieszak v. Glendale Adventist Med. Ctr.*, 112 F. Supp. 2d 970, 999 (C.D. Cal. 2000). *See also Peters v. Lincoln Elec. Co.,* 285 F.3d 456, 475–76 (6th Cir.2002) ("courts have held that the absence of a date ... does not render [a declaration] invalid if extrinsic evidence could demonstrate the period when the document was signed"). Here, while the better practice is clearly to date the Bill in the space provided on the form, the date of entry of judgment and date of filing of the Bill provides sufficient evidence of the approximate period when the document was electronically signed. For present purposes, the Court should **overrule** this objection, and entertain the Bill on its merits.

C. Merits

Pursuant to 28 U.S.C. §1920:

> A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. . . .

28 U.S.C. §1920(1)-(6). A court may not award costs that exceed those permitted by § 1920. *See Matthews v. Crosby*, 480 F. 3d 1265 (11th Cir. 2007). Plaintiff raises several objections to the various costs claimed by Ford. The undersigned treats each expense, in turn.

*Service Fees*

Ford claims $1,285.00 in fees for serving subpoenas related to deposition and obtaining documents. As Ford correctly notes, fees for the services of a private process server may be taxed. *See United States EEOC v. W & O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). Plaintiffs, however, object to "fees for private process servers for documents . . . never used in the case and had no bearing upon the primary issues and defenses raised by Ford: *i.e.*, defect and causation." Additionally, Plaintiffs object to fees related to the following witnesses: Plaintiffs' neighbors (Diana Blaney, Todd Buckner, Joseph Herndon, and Boyd Karns), Michael Cusak, Bob Hallman, and Phil Calvin.

In essence, the issue is whether this discovery was necessary. The Eleventh Circuit has held that deposition transcript costs are taxable when the deposition was "necessarily obtained for use in the case," and has upheld the "taxation of a deposition where the losing party listed the deponent on its witness list." *W & 0, Inc.*, *supra*, 213 F. 3d at 621. Here, Ford notes that each of the objected-to witnesses were disclosed in Plaintiffs First Supplemental Initial Disclosures, as "likely to have discoverable information that the disclosing party may use to support its claims." While an initial disclosure is not the equivalent of a witness list compiled after discovery, Ford could only determine the extent of the discoverable information by undertaking discovery. Under the circumstances present here, the Court cannot agree that the depositions were only taken as a convenience or were otherwise improper. The objection should be **overruled** and the cost for service of subpoenas should be awarded.

*Fees for transcripts*

Ford claims $10,838.72 in transcription fees. These fees relate to depositions of the above witnesses and Larry Helton, Ralph Newell (Ford's expert), and Greg West, as well as hearing transcripts for the May 7, 2015 hearing before Judge Sharp and the May 28, 2015 hearing before the undersigned. Even where a deposition is not ultimately used as part of a prevailing party's case, the costs of the deposition are taxable under § 1920 "where no evidence shows that the deposition was unrelated to an issue in the case at the time it was taken." *Watson v. Lake Cty.*, 492 F. App'x 991, 996-97 (11th Cir. 2012). The Court finds the deposition transcripts to be taxable for the reasons discussed above. Moreover, the transcription cost of a hearing before the Court was a reasonable expense, "necessarily obtained for use in the case."

*Witness Fees*

Ford claims $160 in witness fees, itemized at the statutory rate of $40 each for witnesses Greg West, Ralph Newell, Bob Hallman and Larry Helton. Plaintiffs take issue with the lack of "supporting documentation" of these fees, and assert that they paid Mr. Helton's witness fees. While witness fees are usually taxed, the Court agrees with Plaintiff that the charges here are without evidentiary support. The Court **recommends** no award for witness fees.

*Copying Charges*

Ford claims $977.88 in copying charges, itemized in the Bill (Doc. 130-3), with supporting documentation. Unfortunately, the Court cannot discern how the rate listed on the invoices (6 cents a page) translates to the total amount claimed. For example, Item One is 150 copies of pleadings and documents attached to Plaintiffs' depositions. The total charge claimed is $9.59, which the Court presumes is calculated at 150 x .06, plus tax. The next item is from the same vendor at the same per page charge, but purports to be 662 copies. The charge claimed, however, is $282.01 (Doc. 130-3, p. 5). The math does not add up. Indeed, Ford does not explain how a charge for 3,866 copies from the same vendor could cost just $247.04 (Item 14), but 662 copies costs more. Moreover, some of

the items claimed appear to be solely for convenience of counsel. *See, e.g.,* Items 10-13. As it is Ford's burden to offer evidence supporting the claim,[1] it is **recommended** that this item be disallowed in its entirety.

*Conclusion*

It is **respectfully recommended** that the motion for review be **granted, in part and denied, in part** and that Ford be taxed costs in the total amount of $12,123.72 ($1,285 + 10,838.72).

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

Recommended in Orlando, Florida on December 10, 2015.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[1] *See Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994) (finding that a district court did not err in disallowing photocopying costs where plaintiffs did not present required evidence regarding the documents copied).