# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HARRY GARDNER AND MEREDITH GARDNER,**

                **Plaintiffs,**

**-vs-**                                                                       **Case No. 6:14-cv-508-Orl-18DAB**

**FORD MOTOR COMPANY,**

                **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **RENEWED MOTION FOR ATTORNEYS' FEES (Doc. No. 131)**
>
> **FILED:**      **October 13, 2015**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

      Following summary judgment in its favor, Ford seeks an award of $172,454.00, in attorneys' fees, pursuant to Fla. Stat. §768.79, with respect to Proposals for Settlement served on Plaintiffs (Docs. 131-1 and 131-2). Plaintiffs object to the motion (Doc. 133), contending that the motion does not comply with the federal and local rules and that Ford's Proposals are not valid and enforceable under Florida law. Upon review of the papers and applicable law, the Court agrees, in part, with Plaintiffs and **recommends** denial of the motion.

### The Proposals

On December 5, 2014, Ford served a proposal for settlement on each Plaintiff ("the Proposals"). The Proposals read:

> 1. This proposal for settlement is served and pursuant to § 768.79 Florida Statutes.
> 2. The party making this proposal for settlement is Ford.
> 3. The party to whom this proposal for settlement is being made is Plaintiff, Harry Gardner.[1]
> 4. Ford does not admit and affirmatively denies any wrongdoing, negligence, fault, liability or responsibility for the claims alleged in Plaintiffs' Complaint. Ford makes this Proposal for Settlement solely to buy peace and avoid the costs associated with preparing for, and attending a trial in this lawsuit at which Ford is confident it will prevail on the merits.
> 5. Ford shall pay to Plaintiff a total of Two Hundred and 50/100 Dollars ($250.00) ("Settlement Proceeds") to resolve all his claims alleged in Plaintiffs' Complaint in this action.
> 6. The total Settlement Proceeds specifically includes One Hundred and No/l00 Dollars ($100.00) which has been apportioned to settle Harry Gardner's claim for punitive damages.
> 7. There are no relevant conditions other than that upon acceptance of this proposal for settlement, Plaintiff, Harry Gardner shall file a notice of voluntary dismissal with prejudice of his Complaint against Ford.
> 8. This proposal for settlement shall be construed as including all damages that could be awarded in a final judgment, including but not limited to, principal, interest, costs and attorneys' fees.
> 9. Unless this proposal for settlement is affirmatively accepted by Plaintiff, Harry Gardner within the time frame prescribed below, Ford gives written notice of its intent to seek reasonable attorneys' fees and costs associated with its defense of his claims.
> 10. This proposal for settlement shall remain open for thirty (30) days from its date of service.

(Docs. 131-1 and 131-2).

The Proposals were not accepted, and the District Court ultimately entered Final Judgment for Ford on all counts, on August 20, 2014 (Doc. 124). Ford seeks an award of attorneys' fees from the date of service of the Proposals to the entering of Final Judgment.

**Analysis**

Florida Statute § 768.79 provides for the recovery of reasonable costs and attorneys' fees incurred by a defendant in any civil action for damages, if the defendant serves an offer of judgment

---

[1] The Proposal directed to Meredith Gardner substitutes her name throughout.

-2-

that is rejected by the plaintiff.[2] As the case is before the Court on diversity jurisdiction, the Court applies Florida substantive law, including this provision. *See Menchise v. Akerman Senterfitt*, 532 F.3d 1146 (11th Cir. 2008). Additionally, Florida's Rule of Civil Procedure 1.442(c)(2)(F), which requires an offer of judgment to 'state whether the proposal includes attorneys' fees and whether attorneys' fees are part of the legal claim' is substantive for *Erie*[3] purposes, and applies here. *Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1258 (11th Cir. 2011) (*Horowitch I*),

---

[2] According to the pertinent portions of state law:
> (2) The making of an offer of settlement which is not accepted does not preclude the making of a subsequent offer. An offer must:
> (a) Be in writing and state that it is being made pursuant to this section.
> (b) Name the party making it and the party to whom it is being made.
> (c) State with particularity the amount offered to settle a claim for punitive damages, if any.
> (d) State its total amount.
> The offer shall be construed as including all damages which may be awarded in a final judgment.
> (3) The offer shall be served upon the party to whom it is made, but it shall not be filed unless it is accepted or unless filing is necessary to enforce the provisions of this section.
> (4) An offer shall be accepted by filing a written acceptance with the court within 30 days after service. Upon filing of both the offer and acceptance, the court has full jurisdiction to enforce the settlement agreement.
> (5) An offer may be withdrawn in writing which is served before the date a written acceptance is filed. Once withdrawn, an offer is void.
> (6) Upon motion made by the offeror within 30 days after the entry of judgment or after voluntary or involuntary dismissal, the court shall determine the following:(a) If a defendant serves an offer which is not accepted by the plaintiff, and if the judgment obtained by the plaintiff is at least 25 percent less than the amount of the offer, the defendant shall be awarded reasonable costs, including investigative expenses, and attorney's fees, calculated in accordance with the guidelines promulgated by the Supreme Court, incurred from the date the offer was served, and the court shall set off such costs in attorney's fees against the award. When such costs and attorney's fees total more than the amount of the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the award to the plaintiff.
> (7)(a) If a party is entitled to costs and fees pursuant to the provisions of this section, the court may, in its discretion, determine that an offer was not made in good faith. In such case, the court may disallow an award of costs and attorney's fees.
> (b) When determining the reasonableness of an award of attorney's fees pursuant to this section, the court shall consider, along with all other relevant criteria, the following additional factors:
> 1. The then apparent merit or lack of merit in the claim.
> 2. The number and nature of offers made by the parties.
> 3. The closeness of questions of fact and law at issue.
> 4. Whether the person making the offer had unreasonably refused to furnish information necessary to evaluate the reasonableness of such offer.
> 5. Whether the suit was in the nature of a test case presenting questions of far-reaching importance affecting nonparties.
> 6. The amount of the additional delay cost and expense that the person making the offer reasonably would be expected to incur if the litigation should be prolonged.

Fla. Stat. § 768.79 (2014).

[3] *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

*certified question answered*, 107 So. 3d 362 (Fla. 2013) (*Horowitch II*).[4] Both the statute **and** the Rule are to be strictly construed. *Horowitch II*, 107 So. 3d at 376 (emphasis original).

Plaintiffs contend that, as Ford's Proposals do not state "whether attorneys' fees are part of the legal claim," they are unenforceable under Rule 1.442(c)(2)(F). *See Horowitch II* ("We conclude that, even if section 768.79 applied in this case, Diamond Aircraft would not be entitled to attorney's fees under that section because Diamond Aircraft's offer of settlement did not strictly comply with rule 1.442, as it did not state that the proposal included attorney's fees and attorney's fees are part of the legal claim"). Ford objects to this interpretation, contending that "this is merely a form-based argument which lacks any substance and is unsupported by Florida law." Ford argues that, unlike *Horowitch*, the causes of action alleged here do not allow for recovery of attorneys' fees so Plaintiffs "should have known" that fees were not part of any legal claim that had been asserted. Moreover, as the Proposals explicitly included attorneys' fees, no confusion could exist. Upon review, the Court agrees with Plaintiffs that the Proposals do not comply with the Rule and are therefore not enforceable.

*Horowitch II* teaches that a party must comply with each and every portion of the statute and the Rule; not just the provisions that, in the opinion of a party, apply to the case at hand. As Judge Covington has explained:

---

[4]The full text of Rule 1.442(c)(2) states:
(2) A proposal shall:
(A) name the party or parties making the proposal and the party or parties to whom the proposal is being made;
(B) state that the proposal resolves all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served, subject to subdivision (F);
(C) state with particularity any relevant conditions;
(D) state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal;
(E) state with particularity the amount proposed to settle a claim for punitive damages, if any;
(F) state whether the proposal includes attorneys' fees and whether attorneys' fees are part of the legal claim; and
(G) include a certificate of service in the form required by rule 1.080.

Florida's Rule of Civil Procedure 1.442(c)(2) (2014).

> The complaint in *Horowitch I* asserted a claim for attorneys' fees, which necessitated the inclusion of a paragraph explicitly addressing attorneys' fees in the offer of judgment; however, the offer did not include such a paragraph. 645 F.3d at 1257. Finding a conflict in Florida law, the Eleventh Circuit certified the following question to the Florida Supreme Court:
>
>> Under Fla. Stat. § 768.79 and Rule 1.442, is a defendant's offer of judgment valid if, in a case in which the plaintiff demands attorney's fees, the offer purports to satisfy all claims but fails to specify whether attorney's fees are included and fails to specify whether attorney's fees are part of the legal claim?
>
> 645 F.3d at 1262. The Florida Supreme Court in *Horowitch II* answered "in the negative" by holding that the defendant was not entitled to attorneys' fees, because the offer, by not stating whether the offer included attorneys' fees and if such fees were part of plaintiff's legal claim, did not strictly comply with Rule 1.442. 107 So.3d at 376.
>
> In so holding, the *Horowitch II* Court distinguished—and questioned the continuing validity of—*Bennett v. American Learning Systems of Boca Delray, Inc.,* 857 So.2d 986 (Fla. 4th DCA 2003). 107 So.3d at 377–378. In *Bennett,* the lower court held a general offer purporting to settle all claims to be broad enough to encompass any claims, including attorneys' fees. 857 So.2d at 988. The *Horowitch* II Court disagreed with *Bennett* by noting that Rule 1.442(c) does not state its requirements "may" be followed; rather it states that its requirements "shall" be followed. *Horowitch II,* 107 So.3d at 377.
>
> Moreover, the *Horowitch II* Court noted that *Bennett* was decided four years before *Campbell v. Goldman,* 959 So.2d 223, 227 (Fla.2007). 107 So.3d at 377. The *Campbell* Court held: "strict construction is applicable to both the substantive and procedural portions of the rule and statute [;]" moreover, "all portions must be strictly construed." 959 So.2d at 227. Justice Pariente concurred and stated, "parties will now be on notice that all 't' s' must be crossed and 'i's' dotted." *Id.* at 227 (Pariente, J. concurring) (internal quotations original).

*Evanston Ins. Co. v. Premium Assignment Corp.*, 8:11-CV-2630-33TGW, 2013 WL 3285274, at *2-4 (M.D. Fla. June 26, 2013) (applying strict construction to invalidate an offer of judgment which contained a factual error incorrectly stating that a plaintiff asserted no claim for costs and attorneys' fees, even though the offer purported to include payment of any attorneys fees, as "[i]t would be an odd interpretation of the foregoing jurisprudence to require strict compliance with Rule 1.442(c)(2)(F), while simultaneously allowing for factual errors.").

State courts have also recognized the post-*Horowitch* bright line rule. In *Borden Dairy Co. of Alabama, LLC v. Kuhajda*, 171 So. 3d 242 (Fla. 1st DCA 2015), a case directly on point, a party "failed to strictly comply with rule 1.442(c)(2)(F) when she failed to state in the offers of judgment whether the offers included attorneys' fees and whether attorneys' fees were part of the legal claim." *Id.* The court found the offer to be unenforceable, reasoning:

> In a case where the plaintiff sought attorney's fees in the complaint, the supreme court held that an offer of judgment failed to strictly comply with rule 1.442(c)(2)(F) because it did not state that the offer included attorneys' fees and whether attorneys' fees were part of the legal claim. *Diamond Aircraft Indus., Inc. v. Horowitch,* 107 So.3d 362, 377 (Fla.2013). In light of the fact that "the supreme court has made the test strict compliance, not the absence of ambiguity," *R.J. Reynolds Tobacco v. Ward*, 141 So.3d 236, 238 (Fla. 1st DCA 2014), we can see no reason why this holding would not apply equally to a case where attorneys' fees were not sought in the complaint. *See Diamond Aircraft,* 107 So.3d at 377 (holding "if the elements of rule 1.442(c)(2) were not mandatory, we would have stated at the beginning of rule 1.442(c)(2) that the proposal 'may' contain the requirements listed in that subsection.").

*Borden,* 171 So. 3d 242, 243. *See also Paduru v. Klinkenberg,* 157 So. 3d 314, 318 (Fla. 1st DCA 2014) ("It is now a well settled principle, espoused in our previous decisions as well as those from sister districts, that offers of judgment must strictly comply with section 768.79 and rule 1.442, with any drafting deficiencies being construed against the drafter."). While Ford cites to *Embroidme.com, Inc. v. Travelers Prop. Cas. Co. of Am.*, 12-81250-CIV, 2015 WL 419879, at *1 (S.D. Fla. 2015) and *Mortgage Now, Inc. v. Stone*, 3:09CV80/MCR/CJK, 2014 WL 3633199, at *2 (N.D. Fla. 2014) for the proposition that "the parties should not nit pick the validity of a proposal," these cases rely on pre-*Horowitch* precedent. As is clear, the landscape has changed. As the Proposals fail to indicate whether they include attorneys' fees *and* whether attorneys' fees are part of the legal claim, the Proposals do

not strictly comply with the Rule and are unenforceable.[5] For this reason, the Court **recommends** that the motion be denied.[6]

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

Recommended in Orlando, Florida on December 11, 2015.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[5] Ford's contention that the Proposals were not *actually* ambiguous and that Plaintiffs were not misled is of no moment. "Strict compliance" trumps all. Moreover, while it is true that Rule 1.442 "does not demand the impossible," *State Farm Mut. Auto. Ins. Co. v. Nichols,* 932 So.2d 1069, 1079 (Fla.2006), requiring a defendant to correctly set forth whether attorney's fees are part of the legal claim is hardly a bridge too far.

[6] This conclusion moots Plaintiffs contentions that the motion is untimely or that the relief is otherwise inappropriate under the federal and local rules.